**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK ANTHONY ROBINSON,** | : | **Civil No. 3:11-CV-1376** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Judge Mariani)** |
| | : | |
| **ROBERT MARSH, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

This case comes before the Court for consideration of a motion to amend this previously amended complaint filed by the plaintiff, a motion which casts in sharp relief the plaintiff's casual indifference to the scheduling of this litigation as well as the rights and interests of opposing parties.

The plaintiff, Mark Anthony Robinson commenced this action on July 25, 2011, (Doc. 1.), complaining about a cell extraction which allegedly occurred in April 2011 at the State Correctional Institution-Rockview.  (Id.)  In his original complaint Robinson identified some of the correctional officers who he alleged participated in this event through fictitious names, as John Does 1 through 5.  (Id.)

Robinson then indulged in what was often a leisurely, meandering course of litigation of these claims. Thus, when the defendants moved to dismiss this initial complaint in November 2011, Robinson sought leave to amend his complaint, and requested an extension of time in which to file an amended complaint. (Docs. 9, 10, 13.) This request was granted and Robinson was given an extension of time to amend his complaint until January 6, 2012. (Doc. 14.) Robinson failed to meet this deadline, and on the very date of this deadline sought another 30 day extension of time in which to amend his original complaint, which was granted on January 10, 2012. (Docs. 18, 19.) Robinson was then instructed to file his amended complaint on or before February 10, 2012. (Id.)

Robinson ignored this deadline as well, and allowed six months to lapse before filing yet another motion seeking leave to file an amended complaint on August 7, 2012, which Robinson tendered to the Court along with a proposed amended complaint. This motion was granted by the Court, and Robinson's amended complaint was filed in August 2012. (Docs. 33-35.) Despite the passage of these many months, however, Robinson took no steps in this amended complaint to identify the correctional officers he had previously labeled John Does 1 through 5. (Id.)

We then set a discovery schedule in this case which called for completion of discovery by December 30, 2013. (Doc. 55.) On May 1, 2013, we also instructed the

defendants to identify these previously unidentified correctional officers for Robinson. (Doc. 58.) Defense counsel then promptly provided the names of these individuals to Robinson by letter dated May 21, 2013.

Robinson's response to this disclosure was marked by a curious indolence, and total inactivity, for more than a year. Armed with this information, Robinson took absolutely no action to add those individuals to this litigation as proper defendants for more than one year. Thus, Robinson never sought to timely amend his complaint to add these defendants, never endeavored to effectuate proper service of the amended complaint upon those individuals, and never sought to address any of his remaining claims against these individuals.

Instead, Robinson allowed discovery to draw to close, and permitted the defendants to twice move for summary judgment before belatedly filing a motion for leave to further amend his complaint. (Doc. 90.) This motion violated the provisions of the Court's Local Rule 15.1 in that Robinson did not provide us with a copy of any proposed amended complaint. Furthermore, this motion not only sought leave to amend the complaint and add new parties at this very late juncture in this litigation; it invited the Court to sanction and endorse further delay in the resolution of this matter. Thus, Robinson invited us to grant this motion to amend in the abstract without ever providing us with any proposed amended complaint. In addition to

urging us to authorize the filing of what is now a hypothetical amended complaint Robinson requested that we direct some form of pre-filing supplemental discovery before Robinson would be required to even tender an amended complaint; allow Robinson 30 days after the completion of his supplemental discovery to prepare such an amended complaint; and then re-open discovery on the basis of this new proposed, but as of yet unseen, amended complaint.

The defendants have opposed this request, noted it is untimely, improper, and prejudicial. (Doc. 92.)  For the reasons set forth below, we agree with defendants, and recommend that this motion to amend be denied.

## II.   **Discussion**

### A.   **Rule 15-Standard of Review and Guiding Principles**

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended complaints.  Under Rule 15 decisions regarding motions to amend or supplement pleadings rest in the sound discretion of the district court and will not be disturbed absent a abuse of that discretion.  See e.g., Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001).  That discretion, however, is governed by certain basic principles, principles that are embodied in Rule 15 itself.  In this regard, while Rule 15 provides that leave to amend should be freely given when justice so requires, the district court

still retains broad discretion to deny a motion to amend, <u>Bjorgung v. Whitetail Resort,</u>
<u>LP</u>, 550 F.3d 263 (3d Cir. 2008); <u>Cureton v. National Collegiate Athletic Ass'n</u>., 252
F.3d 267 (3d Cir. 2001), and may deny a request:

> If the plaintiff's delay in seeking to amend is undue, motivated by bad
> faith, or prejudicial to the opposing party.  <u>Adams</u>, 739 F.2d at 864.
> Delay becomes "undue," and thereby creates grounds for the district
> court to refuse leave, when it places an unwarranted burden on the court
> or when the plaintiff has had previous opportunities to amend.  <u>Cureton</u>,
> 252 F.3d at 273 (citing <u>Adams</u>, 739 F.2d at 868; <u>Lorenz v. CSX Corp.</u>,
> 1 F.3d 1406, 1414 (3d Cir.1993)).  Thus, our review of the question of
> undue delay . . . will "focus on the movant's reasons for not amending
> sooner," <u>Cureton</u>, 252 F.3d at 273, and we will balance these reasons
> against the burden of delay on the District Court. <u>Coventry v. U.S. Steel</u>
> <u>Corp.</u>, 856 F.2d 514, 520 (3d Cir.1988).

<u>Bjorgung v. Whitetail Resort, LP, supra</u>, 550 F.3d at 266.

Furthermore, "'[a]mong the grounds that could justify a denial of leave to
amend are undue delay, bad faith, dilatory motive, prejudice, and futility.'  <u>In re</u>
<u>Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir.1997)
('<u>Burlington</u>'); <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1413-14 (3d Cir.1993).  'Futility'
means that the complaint, as amended, would fail to state a claim upon which relief
could be granted.  <u>Burlington</u>, 114 F.3d at 1434." <u>Shane v. Fauver</u>,  213 F.3d 113,
115 (3d Cir. 2000).  Moreover, a party seeking to supplement pleadings must act in
a diligent fashion.  Thus, for example, "[a] District Court has discretion to deny a
plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies

in his complaint, but chose not to resolve them. <u>Rolo v. City Investing Co.</u> <u>Liquidating Trust</u>, 155 F.3d 644, 654 (3d Cir.1998)." <u>Krantz v. Prudential</u> <u>Investments Fund Management LLC</u>, 305 F.3d 140, 144 (3d Cir. 2002).

When assessing the issue of delay under Rule 15, we are cautioned that: "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. <u>Cureton</u>, 252 F.3d at 273 (citing <u>Adams</u>, 739 F.2d at 868; <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (3d Cir.1993)). Thus, our review of the question of undue delay . . . will 'focus on the movant's reasons for not amending sooner,' <u>Cureton</u>, 252 F.3d at 273, and we will balance these reasons against the burden of delay on the District Court. <u>Coventry v. U.S. Steel Corp.</u>, 856 F.2d 514, 520 (3d Cir.1988)." <u>Bjorgung v. Whitetail Resort, LP, supra</u>, 550 F.3d at 266.

Finally, in every instance, the exercise of this discretion must be guided by the animating principle behind Rule 15, which is "to make pleadings a means to achieve an orderly and fair administration of justice." <u>Griffin v. County School Bd. of Prince</u> <u>Edward County</u>, 377 U.S. 218, 227 (1964). Therefore, in considering a motion to amend we must always "appl[y] Rule 15 . . . , in a manner aimed at securing the just, speedy and inexpensive determination of every action-'[t]he standard applicable to

motions to amend under [Rule 15(d) ] is essentially the same standard that applies to [Rule 15(a) ].' " <u>Masimo Corp. v. Philips Elec. N. Am. Corp.</u>, 2010 WL 1609899, at *1 (D.Del. Apr.20, 2010) (quoting <u>Medeva Pharma Ltd. v. Am. Home Prods. Corp.</u>, 201 F.R.D. 103, 104 n. 3 (D.Del.2001))." <u>CMR D.N. Corp. v. City Of Philadelphia</u>, No. 07-1045, 2011 WL 857294, *4 (E.D.Pa. March 11,2011)(Stengel, J.).

### B.    This Motion to File an Amended Complaint Should Be Denied

In this case, it is submitted that the proper exercise of the Court's discretion, <u>Hassoun v. Cimmino</u>, 126 F.Supp.2d 353, 360-61 (D.N.J.2000), calls for denial of this belated motion to file an amended complaint.  Indeed, a dispassionate assessment of this motion reveals that it runs afoul of virtually all of the factors which guide the exercise of judicial discretion in this field.

At the outset, it is plain that there has been undue delay in the pursuit of these matters by the plaintiff.  As we have noted, "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. <u>Cureton</u>, 252 F.3d at 273 (citing <u>Adams</u>, 739 F.2d at 868; <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (3d Cir.1993)).  Thus, our review of the question of undue delay . . . will 'focus on the movant's reasons for not amending sooner,' <u>Cureton</u>, 252 F.3d at 273, and we will balance these reasons against the burden of delay on the District

7

Court.  Coventry v. U.S. Steel Corp., 856 F.2d 514, 520 (3d Cir.1988)."  Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266.

Judged against these standards, the plaintiff's conduct, sadly, presents a paradigm of undue delay.  Here, the plaintiff has had ample prior opportunities to amend these pleadings.  Indeed, in the course of the prior three years of this litigation the plaintiff has amended his complaint once after repeatedly failing to abide by Court ordered deadlines for amendment of these pleadings, and has inexplicably neglected to amend his complaint for more than a year after being notified of the identities of the correctional officers who participated in his cell extraction.  Now, Robinson seeks to obtain leave to belatedly amend his complaint, without providing us a copy of that proposed amended complaint, while also inviting us to sanction months of additional delay in this litigation.

Upon reflection, it is difficult to imagine a more halting and dilatory path that Robinson could have followed here.  Given these facts, when "our review of the question of undue delay . . . 'focus[es] on the movant's reasons for not amending sooner,' Cureton, 252 F.3d at 273, and we . . . balance these reasons against the burden of delay on the District Court.  Coventry v. U.S. Steel Corp., 856 F.2d 514, 520 (3d Cir.1988)," Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266, we find that the movant has not provided good grounds for this delay.  We further find that

the timing of this motion, which fell after the close of discovery as the parties were preparing summary judgment motions, is both highly prejudicial to the defendants and places an undue burden on the district court.

In addition, we note that Robinson still has not complied with Local Rule 15.1 which "provides, 'When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself,' and that the amendments should be highlighted, with stricken material lined through, and new material underlined or set forth in bold-faced type." Quarles v. Palakovich, 3:07-CV-1905, 2011 WL 5040891 (M.D. Pa. Oct. 24, 2011). "Failure to comply with this rule alone provides a sufficient basis to deny Plaintiff's motion to amend." Id.

We further find that denial of this motion is justified on the grounds of futility, since many of the new claims asserted by the plaintiff may be barred by the statute of limitations. While Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), Robinson's proposed, hypothetical amendment would seem to add new defendants to the case, defendants who would be first named in this lawsuit more than three years after the events giving rise to those claims, and far beyond the period of the statute of limitations, see Wilson v. Garcia, 471 U.S. 261, 280 (1985); Garvin v. University

of Pittsburgh, 354 F.3d 215, 220 (3d Cir. 2003), Robinson may only amend his

complaint in this fashion pursuant to Rule 15(c), which permits a plaintiff, in specific

circumstances, to amend a complaint "as if it had been filed at the time of the original

complaint." Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 189 (3d Cir. 2001).

Pursuant to its terms, Rule 15(c)(1) applies in three situations:

(1)   **When an Amendment Relates Back.**  An amendment to a pleading relates back to the date of the original pleading when:

    (A)   the law that provides the applicable statute of limitations allows relation back;

    (B)   the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

    (C)   the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

        (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and

        (ii)   knew or should have known that the action against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

The United States Court of Appeals for the Third Circuit has explained the

application of the rule as follows:

The Rule is written in the conjunctive, and courts interpret [15(c)(1)(C)] as imposing three conditions, all of which must be met for a successful relation back of an amended complaint that seeks to substitute newly named defendants. [First, the claim against the newly named defendants must have arisen out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading]. The second and third conditions are set out in [15(c)(1)(C)(i) and (ii)], respectively, and must be met "within the period provided by Rule 4(m) for service of the summons and complaint," Fed. R. Civ. P. [15(c)(1)(C)], which is "120 days after the filing of the complaint," Fed. R. Civ. P. 4(m). The second condition is that the newly named party must have "received such notice of the institution of the action [within the 120 day period] that the party will not be prejudiced in maintaining a defense on the merits." Fed. R. Civ. P. [15(c)(1)(C)(I)]. Urrutia [v. Harrisburg County Police Dept., 91 F.3d 451, 458 (3d Cir. 1996)] states that this condition "has two requirements, notice and the absence of prejudice, each of which must be satisfied." 91 F.3d at 458. The third condition is that the newly named party must have known, or should have known, (again, within the 120 day period) that "but for a mistake" made by the plaintiff concerning the newly named party's identity, "the action would have been brought against" the newly named party in the first place. Fed. R. Civ. P. [15(c)(1)(C)(ii)].

Singletary, 266 F.3d at 194 (some citations omitted).

In the instant case, it is impossible to determine whether Robinson can actually meet any of the requirements prescribed by Rule 15(c) since Robinson still has not tendered a proposed amended complaint to us, but rather only wants us to endorse the concept of the filing of an amended complaint sometime in the future. However, it seems clear that Robinson has not yet met Rule 15(c)'s notice requirements for these newly named–but still only hypothetical–defendants, all of which had to have been satisfied within 120 days of the filing of the original complaint. In particular,

11

Robinson has not shown that the newly named party must have "received such notice of the institution of the action [within the 120 day period] that the party will not be prejudiced in maintaining a defense on the merits."   Fed. R. Civ. P. Rule 15(c)(1)(C)(i).  In this regard, it should be noted that Robinson cannot meet this requirement by merely alleging that these correctional staff worked for the prison system that he sued in 2011 since it is well-settled that "absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule [15(c)(1)(C)] purposes." Singletary v. Pennsylvania Dep't of Corr., 266 F.3d at 200.

Finally, granting leave to file an amended pleading on these facts would be antithetical to the guiding principle which animates and informs the exercise of our discretion, which is "to make pleadings a means to achieve an orderly and fair administration of justice." Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 227 (1964).  In particular, we find that granting this motion would be unfair to the defendants who would now face new and belated claims after three years of litigation.  It would also be highly unfair to any new defendants Robinson would seek to add to this lawsuit who would be thrust into this case three years after this action commenced and more than a year after the statute of limitations had run.  This

belated amendment would also needlessly compound costs of litigation for all parties, and engender wholly unwarranted delay in the resolution of these claims. Since we must always "appl[y] Rule 15 . . . , in a manner aimed at securing the just, speedy and inexpensive determination of every action," CMR D.N. Corp. v. City Of Philadelphia, No. 07-1045, 2011 WL 857294, *4 (E.D.Pa. March 11,2011)(Stengel, J.),our conclusion that granting this motion would be unjust, cause undue delay, and needlessly increase the costs of litigation, also calls for the denial of this motion.

## III.    Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for leave to file an amended complaint (Doc. 90.) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 20th day of August, 2014.

_**S/Martin C.  Carlson**_
Martin C. Carlson
United States Magistrate Judge